**ALLGEIER, MARTIN AND ASSOCIATES, Plaintiff-Appellant,**

v.

**Tom D. ASHMORE et al., Defendants-Respondents.**

**No. 9491.**

Missouri Court of Appeals,
Springfield District.

April 5, 1974.

L. Thomas Elliston, Myers, Webster, Perry & Elliston, Webb City, for plaintiff-appellant.

No appearance for defendants-respondents.

PER CURIAM:

The sole named plaintiff in this cause is "Allgeier, Martin and Associates." Plaintiff's petition commences: "Comes now the Plaintiff and for its cause of action states: 1. That Plaintiff is a partnership . . ." The balance of this pleading, in two alternative counts, prayed for a money judgment against one corporation and three individuals (Tom, Philip and Michael Ashmore) for the reasonable value of "work, labor and services" rendered by plaintiff at the request of defendants. Sheriffs' returns to issued summons and alias summons attest that service was effected on the corporation and upon Tom and Philip Ashmore; a non est return was filed to the summons issued for Michael Ashmore. Under date of December 3, 1970, the Circuit Court of Jasper County entered a default judgment against the corporation and Tom Ashmore. The judgment correctly stated that Michael Ashmore had not been served with process; it erroneously declared that Philip had not been served and ordered "that this case remain on the active docket pending the

service of process on these two defendants." On February 3, 1972, Tom Ashmore filed "Motion to Set Aside Default Judgment" which was sustained on February 5, 1973. Thereafter, on February 13, 1973, "Allgeier, Martin and Associates, the above named plaintiff," filed a notice of appeal "from the order and Judgment entered in this action on the 5th day of February 1973, setting aside the default judgment."

Whether the court nisi erred vel non in setting aside the default judgment as asserted in the points raised by appellant, need not be discussed or decided, for albeit no one except us has raised the subject, the partnership cannot recover in any event and all involved should be spared the effort and cost of prolonging litigation that cannot legally survive. Rule 79.04, V.A.M.R.

▇ Missouri follows the common law or aggregate theory of partnership [Griffin v. Doss, 411 S.W.2d 649, 651 (Mo.App.1967)] rather than the entity theory. Ward v. State Farmers Mutual Tornado Ins. Co. of Mo., 441 S.W.2d 1, 4 [3] (Mo. 1969). The Uniform Partnership Law (Ch. 358 RSMo 1969, V.A.M.S.) did not transform a partnership into a separate or juristic entity [McKinney v. Truck Insurance Exchange, 324 S.W.2d 773, 775 [1] (Mo.App.1959)] and, generally, all partners are necessary parties-plaintiff in actions to enforce an obligation due the partnership. Wittels v. Dubinsky, 343 S.W.2d 644, 645 [1] (Mo.App.1961). Absent statutory authority, a partnership cannot sue in the firm name and a judgment rendered for a partnership so suing will be reversed on appeal [Windisch v. Farrow, 159 S.W.

2d 392, 394 [3] (Mo.App.1942)] on the principle that a partnership has no legal existence apart from its members, but is a mere ideal entity. Davison v. Farr, 273 S. W.2d 500, 503 [2] (Mo.App.1954).

▇ To augment the confusion, in its order of February 5, 1973, the trial court not only set aside the default judgment but also granted defendants leave to file an answer and counterclaim or cross bill. Just as plaintiff may not maintain this suit in the partnership name, so too "in a suit [or counterclaim] against a partnership in its firm name only, there is no legal entity before the court against which lawful judgment may be rendered, constitutes a fatal defect not waived by failure to object, and a judgment against the partnership in its firm name alone is void." Davison v. Farr, supra, 273 S.W.2d at 503 [3], and cases there cited. Cf. Barclay Investment Corporation v. Lamkin, 408 S.W. 2d 168, 171 (Mo.App.1966).

The situation presented is one in which plaintiff, by default or otherwise, cannot secure a valid judgment against the defendants or any of them, and where the defendants, singularly or collectively, cannot obtain a valid judgment against the plaintiff via a counterclaim or otherwise. In fine, the parties are but caponized litigants whose crowings will gain them neither success nor posterity. We have no choice but to direct the judgment which the trial court should have entered (Rule 84.14), and that is to dismiss the cause in its entirety. Therefore, the order and judgment appealed from is reversed and the cause is remanded with directions to enter a judgment dismissing the cause.

All concur.