**Richard SONDERMAN, Plaintiff-Respondent,**

v.

**Juanita MARET, etc., Defendant-Appellant.**

No. 49112.

Missouri Court of Appeals, Eastern District, Division One.

June 25, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Application to Transfer Denied Sept. 10, 1985.

Ernest L. Keathley, St. Louis, for defendant-appellant.

Irving L. Cooper, Clayton, George T. Mehan, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Plaintiff-landlord Richard Sonderman filed a suit for rent and possession of the premises at 2021 Chippewa in the City of St. Louis against defendant-tenant Juanita Maret on September 4, 1980. On July 22, 1984 the trial court sustained plaintiff's second motion for sanctions for failure to comply with discovery. Rule 61.01. Defendant's October 30, 1980 pleadings including her answer and affirmative defense in the rent and possession action were stricken. Her counterclaim for an unrelated matter was dismissed with prejudice. Judgment by default was entered in

favor of plaintiff for $9,030. Defendant appeals. We affirm.

Defendant contends the trial court abused its discretion in striking defendant's pleadings, entering default judgment against her, and dismissing with prejudice her counterclaim as defendant's health prevented her from submitting to deposition and because there was no deliberate or contumacious disregard for any order of the trial court.

Because the trial court's order is based on procedural grounds arising before trial the particulars of the cause of action and counterclaim are unconnected to the issues on appeal. It suffices to say that plaintiff brought suit for rent and possession of certain premises against defendant. Defendant filed an answer and affirmative defense in which she claimed ownership in the property. She also filed a counterclaim in which she alleged actual and punitive damages for assault and battery arising out of an unrelated incident.

In August 1981 plaintiff began discovery with interrogatories served upon defendant. Defendant failed to respond and on December 4, 1981 plaintiff filed a Rule 61.01 motion for sanctions. On January 1, 1982 defendant answered the interrogatories. Supplemental answers were made on January 26, 1982. On ten separate occasions between July 7, 1982 and June 16, 1984 plaintiff sought to take defendant's deposition. Defendant's deposition was never taken. Furthermore, on April 21, 1983 and July 12, 1983 plaintiff served subpoena duces tecum upon defendant to produce documents pertaining to defendant's alleged ownership in the subject premises and any rent paid by defendant. On September 30, 1983, June 1, 1984, and June 16, 1984 defendant was requested to produce these documents. All requests for documents were made in conjunction with the deposition notices. No documents were ever produced.

On June 12, 1984 plaintiff filed his motion for sanctions under Rule 61.01. On June 22, 1984 the trial court sustained plaintiff's motion for sanctions and ordered defendant's pleadings stricken, including her answer and affirmative defense, and dismissed her counterclaim with prejudice. The trial court entered a judgment by default in plaintiff's favor and set the inquiry on damages for August 24, 1984.

On July 5, 1984 defendant filed a "Motion for Rehearing" which was set for July 31, 1984, passed to August 21, 1984 and subsequently heard on August 24, 1984. On that date the trial court heard and denied defendant's motion for rehearing at which time defendant's attorney attempted to offer into evidence medical records of defendant from St. Louis City Hospital. Plaintiff's objection to the evidence was sustained. No testimony or evidence was submitted on behalf of defendant. The court heard plaintiff's testimony on damages and awarded plaintiff $9,030 for rent and ordered that plaintiff have possession of the subject premises. Defendant's motion for rehearing was denied.

A record was made at the September 30, 1983 and June 1, 1984 depositions. At these depositions defendant's attorney stated that defendant would not appear and that she was in ill health.

At the motion for sanctions hearing on June 20, 1984 a copy of a letter from Bernard Chaitmann, M.D. was presented but not received into evidence. The letter was dated June 20, 1984 and reads as follows: "I saw Juanita Maret today & recommended she not be involved in any legal proceedings until her cardiac investigation is complete (by mid-July)." The letter was signed by Dr. Chaitmann.

Applying sanctions under Rule 61.01(b) is within the trial court's discretion. *Russo v. Webb*, 674 S.W.2d 695, 697 (Mo.App.1984). An order striking pleadings or entering a judgment by default against a disobedient party can be made under Rule 61.01(b)(1) without a court order.

A review of the record reveals that defendant failed to appear at her deposition on ten separate settings. She also failed to produce documents upon five different requests. Defendant's excuse of ill health is not supported by the record. The letter from Dr. Chaitmann does not explain or support any reason why defendant was unable to "be involved in any legal proceedings." Nor does the record support any legal basis for defendant's non-compliance with the discovery orders. Even if defendant was unable to appear for the purpose of taking her deposition, she advances no justification for not complying with the request for documents.

Defendant relies upon two cases, *Sagehorn v. Phillips Petroleum Co.*, 648 S.W.2d 647 (Mo.App.1983) and *Venker v. Hyler*, 352 S.W.2d 590 (Mo.1962), for the proposition that pleadings should not be stricken and cases should not be dismissed with prejudice where no deliberate and contumacious disregard for the authority of the court is shown. The facts, however, clearly establish a pattern of repeated disregard to comply with the rules of discovery. *See Great Western Trading v. Mercantile Trust Co.*, 661 S.W.2d 40 (Mo. App.1983). This pattern of repeated neglect supports the conclusion reached by the trial court of conduct equivalent to a willful, contumacious disregard for the rules of discovery. We find the court did not abuse its discretion in entering its order.

In defendant's reply brief she argues that "[r]espondent has failed to state a cause of action with respect to his motion for the imposition of sanctions against appellant based upon appellant's failure to appear for deposition." This issue is raised for the first time in defendant's reply brief. Assignments of error set forth for the first time in the reply brief do not present issues for appellate review. *Application of Gilbert*, 563 S.W.2d 768, 771 (Mo. banc 1978). Furthermore, defendant's point does not comply with Rule 84.04(d) in that it does not state what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. We have, however, for the sake of completeness, reviewed defendant's argument and conclude it is without merit. Accordingly, defendant's point is denied.

Judgment affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.