**Bennie VITALE, Appellant,**

v.

**CITY OF KANSAS CITY, Missouri, Respondent.**

**No. WD 36724.**

Missouri Court of Appeals, Western District.

Nov. 26, 1985.

Dennis James C. Owens, Kansas City, for appellant.

Galen P. Beaufort, Kansas City, for respondent.

Before NUGENT, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a civil action seeking monies under the Uniform Relocation Assistance Act of 1970, 42 U.S.C. §§ 4601–4655, (1983). The trial court entered its judgment of dismissal for failure to join a necessary party. The judgment is reversed and the cause remanded.

This cause spans some 12 years and presents a voluminous history of both federal and state proceedings. A sole point is presented which charges that the trial court erred in the dismissal of appellant's third party petition because appellant had the right to enforce its claim as a third party donee beneficiary without the joinder of another party.

Because of the disposition herein, there is no need to present any historical account of this cause or to specifically address the error charged, except to state that the claimed error is not reached or ruled due to this court's determination of this appeal.

The circuit court herein entered the following judgment subsequent to the filing of appellant's third amended petition and the answer to said amended petition by respondent:

ORDER

Defendant's Motion to Reconsider is overruled.

Upon consideration of all the pleadings and admissions in this case file, the court finds that plaintiff failed to join a necessary party as pleaded in defendant's second defense set forth in its answer to plaintiff's third amended petition. Accordingly, plaintiff's petition is hereby dismissed. Such dismissal is with prejudice and as such is a final appealable order.

In the instant case, respondent, by answer, defended that the United States Department of Housing and Urban Development (hereinafter HUD) was a necessary party herein. The above judgment ruled that HUD was a necessary party and upon the failure of appellant to join HUD, the court dismissed the third amended petition.

 The absence of a necessary party is fundamental and jurisdictional, and must be considered by an appellate court. *Shepherd v. Department of Revenue*, 377 S.W.2d 525, 528 (Mo.App.1964), Rule 52.-04(a) provides:

52.04 Joinder of Persons Needed for Just Adjudication

(a) Persons to be Joined if Feasible. A person shall be joined in the action if (1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he had not been joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

Rule 52.04(a) prescribes in part: *"If he has not been joined, the court shall order that he be made a party."* (emphasis added) This portion of the rule has been construed to mean that "[I]f one who is not a party to an action is found to be a necessary party under Rule 52.04(a), and it is feasible to join him, he must be joined." *Bunker R–III School District v. Hodge,* 666 S.W.2d 20, 24 (Mo.App.1984). The determination of that question must be made by the trial court and not this court. *Bunker, supra.* Stated yet another way, the feasibility of joinder of HUD herein must be made by the trial court, and this cause can go no further until such determination is completed. The disposition and the ruling infra find authority squarely from *Bunker, supra. See also, Kingsley v. Burack,* 536 S.W.2d 7, 12 (Mo. banc 1976). The judgment is reversed and the cause remanded. The trial court is directed to determine whether HUD can be made a party as prescribed by Rule 52.04(a). If so, this action shall not proceed further unless HUD is joined. If HUD cannot be made a party, the trial court shall determine, under Rule 52.04(b), whether this action should proceed among those already parties or be dismissed. If HUD cannot be joined, the trial court must decide whether HUD is an indispensable party.

So ordered.

All concur.