FIREMAN'S FUND INSURANCE COM-
PANY, Plaintiff–Respondent,

v.

PANCO FORWARDING, INC.,
Defendant–Appellant.

No. 69438.

Supreme Court of Missouri,
En Banc.

Nov. 17, 1987.

Peter J. Dunne, St. Louis, for defendant-appellant.

Gordon F. Webb, St. Louis, for plaintiff-respondent.

BLACKMAR, Judge.

The plaintiff insurance company had a judgment on a jury verdict for $32,573.91 against the defendant tort-feasor, a freight forwarder, on account of a casualty loss which it had paid. The defendant raised on appeal the sole point that the suit had initially been commenced in the name of a corporation which had forfeited its charter, and that no substitution had been made until after the statute of limitations had run. The court of appeals found the point to have merit and reversed. We granted transfer. Concluding that the defendant waived the sole point asserted under the terms of Rule 55.13, which prescribes the manner of raising claims as to capacity to sue, we affirm.

Artronix, Inc., was a Missouri corporation which sold a Torso CT Scanner to a hospital in the Netherlands. The product arrived in damaged condition in November of 1978. In May of 1979 Artronix went into bankruptcy and the trustee filed a claim against plaintiff which was settled under authority of the bankruptcy court. On November 24, 1979, the trustee executed a "loan receipt," giving plaintiff the authority to sue for reimbursement in the name of the bankrupt.

On September 19, 1980 plaintiff brought suit in the name of Artronix asserting that the defendant negligently had caused damage to the scanner. The petition alleged:

1. At all times pertinent, plaintiff was a corporation doing business in Missouri as a manufacturer of X-ray equipment.

Defendant filed an answer on November 14, 1980, responding to this allegation as follows:

1. Defendant is without sufficient information to enable it to admit or deny

paragraph 1 of plaintiff's petition and therefore denies same and calls upon Plaintiff for strict proof thereof.

No motion and no other portion of the answer raised any question about the plaintiff's capacity to sue.

On February 13, 1981, the defendant filed an amended answer, in which it responded to the allegations of paragraph 1 by a general denial. On May 4, 1983, it filed another amended answer, maintaining its general denial and also pleading an affirmative defense relating to notice under Section 400.7–309, RSMo 1986, a provision of the Uniform Commercial Code.

On November 30, 1984 the defendant filed a motion to dismiss the petition, asserting that Artronix had forfeited its corporate charter on January 1, 1980, and therefore lacked capacity to sue, and was not the real party in interest under Rule 52.01. On January 21, 1985, the court sustained this motion, granting the plaintiff "leave to file a motion for substitution of party, Fireman's Fund America Insurance Company, as a plaintiff." On May 2, 1985, the motion for substitution of Fireman's Fund Insurance Company was sustained. Apparently a substituted petition had been lodged with the court earlier. The substituted petition alleged that plaintiff Fireman's Fund Insurance Company was subrogated to all rights and remedies that Artronix, Incorporated has with regard to the damage to said Torso CT Scanner during its shipment to the Netherlands. The defendant answered on August 12, 1985, pleading in addition to denials and affirmative defenses touching the merits "plaintiff Fireman's Fund Insurance Company cannot be substituted for Artronix, Inc., as party plaintiff; Artronix, Inc., was a nonentity under the law of Missouri as of January 1, 1980, and was declared a bankrupt as of September 18, 1979." The case proceeded to trial on these pleadings.

The defendant argues that no suit was effectively filed until after the five-year statute of limitations had run, presumably in November of 1982. It says that the initial filing in the name of Artronix was a nullity, because Artronix did not exist. In so arguing, the defendant overlooks the provision of Rule 55.13, reading as follows:

When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge....

■ It is not accurate to say that a corporation which has forfeited its charter is a legal nonentity, at least for procedural purposes. Furthermore, a general denial does not put in issue, but rather admits, the capacity in which the plaintiff sues. *Novak v. Akers*, 669 S.W.2d 644 (Mo.App. 1984). In *Executive Jet Management & Pilot Service v. Scott*, 629 S.W.2d 598 (Mo. App.1981), a claim that suit should have been brought in the name of certain statutory trustees, rather than in the name of a defunct corporation, was found to have been waived because not raised by pleading or motion in accordance with Rules 55.13 and 55.27(g)(1).

The latter rule reads, in pertinent part, as follows:

(1) A defense ... that plaintiff does not have legal capacity to sue ... is waived ... (B) if it is neither made by motion under this Rule nor included in a responsive pleading.

■ By virtue of the rule, the initial suit in the name of Artronix is taken to have been properly filed, in spite of the forfeiture, and it remained so until the defendant saw fit to raise questions about corporate standing. Inasmuch as the filing of the suit was not appropriately challenged, this filing was sufficient to interrupt the running of the statute of limitations. *Cf. Want v. Leve*, 574 S.W.2d 700 (Mo.App. 1978).

■ It does the defendant no good to argue that the plaintiff was at fault for filing suit in the name of a defunct corporation, and that it is not at fault. The rule imposes a burden to investigate and to file appropriate motions, if a party would chal-

lenge an opponent's capacity to sue. It may operate to protect the careless, in situations where there is absolutely no prejudice to the opposing party.

When the defendant moved to dismiss, by a motion which was out of time under Rule 55.27, the court acted within its authority under Rules 52.06 and 52.13 in permitting the substitution of the party it deemed proper. The new plaintiff was certainly the real party in interest. It was entitled to the entire proceeds of the suit. The defendant, furthermore, did not question Fireman's Fund's capacity to sue by pleading or motion, but simply advanced the argument against substitution and the limitation claim which we now find to be without merit.

It is the sense of the rules that the statute of limitations not stand as a bar when the defendant has notice of the claim and does not challenge the plaintiff's capacity to sue. *Want v. Leve, supra. See also, Slater v. Kansas City Terminal Railway,* 271 S.W.2d 581 (Mo.1954), holding that a wrongful death claimant who improperly sued as administratrix could amend, after the period for filing suit had expired, to assert the claim in her individual capacity.

Although this case does not fall within the provisions of Rule 55.33(c), which provide relief from the statute of limitations when the wrong defendant is named but the proper defendant receives notice, Rule 55.13 serves a similar purpose. The rules should be construed as a harmonious whole, in such a way as to do substantial justice, and to secure the just, speedy, and inexpensive determination of cases. Rule 41.03. Thus, our conclusion is consistent with *Watson v. E.W. Bliss,* 704 S.W.2d 667 (Mo. banc 1986).

There is no conflict with any policy of the state of Missouri regarding a claim of corporate privileges without observing corporate formalities. All the property of Artronix passed to the trustee in bankruptcy and its business was at an end. The plaintiff acted under the authority granted by the trustee. After the bankruptcy there would be no point in the bankrupt corporation's preserving its corporate status. The law should not require a useless act.

The only error assigned does not warrant reversal. The judgment is affirmed.

All concur.