Lucille CRABTREE and Archie
Crabtree, Appellants,

v.

RAMADA INN, a Corporation,
Respondent.

No. 56233.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 7, 1989.

Michael T. Cady, St. Louis, for appellants.

Richard O. Funsch, Robbye Hill Toft, St. Louis, for respondent.

CRIST, Judge.

Appellants (plaintiffs-husband and wife) filed a petition for personal injury seeking recovery from Ramada Inn, Inc., (Ramada, Inc.) alleging Ramada, Inc., owned, maintained and operated the Ramada Inn in Sikeston, Missouri, where plaintiff-wife was injured. The trial court granted summary judgment in favor of Ramada, Inc. We affirm.

On August 5, 1983, plaintiff-wife was injured while using the whirlpool at the Ramada Inn in Sikeston. On July 28, 1988, eight days before the statute of limitations ran, plaintiffs filed a petition alleging Ramada, Inc., owned, maintained and operated the Ramada Inn at Sikeston. Plaintiffs alleged Ramada, Inc., was negligent in that it: (1) failed to provide handrails for the whirlpool; (2) allowed its agents, servants and employees without warning to turn the lights out as plaintiff-wife was entering the whirlpool; and (3) allowing the whirlpool to be kept in a dangerous condition.

On September 12, 1988, Ramada, Inc., filed an answer specifically denying that it had any ownership or maintenance responsibility concerning the Ramada Inn at Sikeston. On October 11, 1988, Ramada, Inc., motioned for summary judgment again denying any ownership or maintenance in the Ramada Inn at Sikeston and specifically alleging Mid–America Hotels Corporation (Mid–America) was the owner of the Ramada Inn at Sikeston. Attached to its motion for summary judgment were the affidavits of Harold Hale, treasurer of Mid–America, and Sam P. Apostle, senior vice-president, Franchise Division of Ramada, Inc. Both affidavits denied Ramada, Inc., had any ownership or control over the Ramada Inn at Sikeston and that a license agreement had been entered into on May 23, 1963, between Ramada, Inc., (as licensor) and Mid–America (as licensee). A copy of the license agreement was also attached to the motion for summary judgment as an exhibit.

On January 31, 1989, the date the motion was set for hearing, plaintiffs filed an answer to Ramada, Inc.'s, motion alleging a principal/agent relationship exists between the franchisor (Ramada, Inc.) and the franchisee (Mid–America) and as such the franchisor, Ramada, Inc., is liable for all acts of the franchisee, Mid–America, on a theory of apparent authority.

■ Plaintiffs allege they filed an affidavit along with their answer. This affidavit is contained in the legal file; however, we can find nothing in the record to indicate the affidavit was filed and before the trial court. Ramada, Inc., in its brief, contends plaintiffs attempted to file their affidavit on the day of the hearing and thus the trial court rendered it inadmissible as untimely filed. In any event, unless the record reveals the document which plaintiffs purportedly relied upon in the trial court was properly made part of the record, we cannot say it was before the trial court and is not now before us. *Hill v. Air Shields, Inc.*, 721 S.W.2d 112, 116[4] (Mo.App.1986). Thus, we will not include plaintiffs' affidavit as a part of our review of the evidence on the motion for summary judgment.

On appeal, plaintiffs allege the trial court erred in finding there was no genuine issue of fact as to ownership, maintenance and operation of the Ramada Inn at Sikeston.

Summary judgment is a drastic remedy in that it denies plaintiffs their day in court. A summary judgment is proper only when the court determines from the pleadings, depositions, exhibits and affidavits on file that there are no material issues of fact and that the movants are entitled to a judgment as a matter of law. We review the record in the light most favorable to plaintiffs. *Gunning v. State Farm Mut. Auto. Ins. Co.*, 598 S.W.2d 479, 481[1] (Mo. App.1980).

■ A petition must be read from its four corners and a court must give to the language its plain and ordinary meaning and such interpretation as fairly appears to have been intended by the pleader. *Scher v. Gilpin*, 738 S.W.2d 900, 901 [4, 5] (Mo. App.1987).

■ In plaintiffs' petition, they allege Ramada, Inc., "[o]wned, maintained and operated a motel known as Ramada Inn ... in ... Sikeston...." They further allege plaintiff-wife sustained injury in the motel's whirlpool which was "[d]irectly caused by the defendant [Ramada, Inc.] acting at all times by and through its *agents*, servants and employees...." (Emphasis ours.)

Despite plaintiffs' use of the word "agent" in their petition, we cannot conclude plaintiffs intended agent in this context to mean Mid–America thereby putting

the issue of apparent authority before the trial court. Viewing plaintiffs' petition as a whole, and giving plaintiffs every reasonable inference, it is clear plaintiffs did not plead the issue of apparent authority. Nothing in their petition mentions Mid–America or that Ramada, Inc., was liable for plaintiff-wife's injury as principal, franchisor or licensor.

The trial court was not erroneous in granting summary judgment in favor of Ramada, Inc., where plaintiffs' petition presented no genuine issue of fact and Ramada, Inc., was entitled to judgment as a matter of law.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.