R. JACOBS, Appellant,

v.

Marilyn CORLEY, Respondent.

No. 56826.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 26, 1990.

Application to Transfer Denied
Sept. 11, 1990.

R. Jacobs, St. Louis, for appellant.

Marilyn Corley, St. Louis, for respondent.

GRIMM, Judge.

The trial court dismissed plaintiff R. Jacobs' petition, because he failed to produce his income tax returns. Following defendant Marilyn Corley's dismissal of her counterclaim, plaintiff filed this appeal. We affirm.[1]

Plaintiff's brief contains three points. First, he alleges trial court error in striking his pleadings and dismissing his petition. He contends he made a good faith effort to produce the returns. We disagree, because the trial court did not abuse the discretion granted by Rule 61.01(d)(2). Second, he claims the trial judge erred in refusing to disqualify himself. We disagree, because there was no indication that the judge was biased or prejudiced. Third, he alleges trial court error in allowing defendant to file her counterclaim and failing to dismiss it with prejudice. We disagree. There was no bar to the filing of the counterclaim, and Rules 67.01 and 67.04 permitted defendant to dismiss her counterclaim without prejudice.

## I. Background

On October 20, 1988, this matter was assigned to the Hon. Robert L. Campbell. The following day, defendant filed a motion for leave to file a counterclaim; her proposed counterclaim was attached. Leave was granted on December 16, and the case was set for trial on February 6, 1989.

On January 5, 1989, defendant requested plaintiff produce his 1983 through 1987 federal and state tax returns for inspection and copying. The returns were to be produced on January 26 at defendant's attor-

---

1. Litigation arising from this same dispute has been here twice before. *Dean Witter Reynolds, Inc. v. Corley,* 699 S.W.2d 21 (Mo.App.E.D.1985) and *Jacobs v. Corley,* 732 S.W.2d 910 (Mo.App.E.D.1987).

ney's office. Although plaintiff did not file any objection to the request, the returns were not produced.

On January 27, defendant filed a motion to compel and for sanctions. Since the case was set for trial on February 6, the motion sought production on February 2. Before ruling on this motion, the court, on its own motion, reset the case for March 6.

Because of the new trial date, defendant, on February 6, filed an amended motion to compel and for sanctions. This motion sought production of the tax records on February 21. Following a hearing on February 16, the trial court entered the following order:

> Plaintiff ordered to produce said [tax returns] by February 20, 1989 and upon failure to do so, Plaintiff's cause of action is dismissed.

Late in the afternoon of February 16, plaintiff filed a motion to disqualify Judge Campbell. The motion alleged Judge Campbell had "bias and prejudice" against plaintiff.

On February 22, plaintiff filed a "Certification of Production of Documents in Accordance with Order of February 16." It stated, among other things, that plaintiff went to defendant's attorney's office on February 20, but found it closed due to a holiday. Plaintiff's certificate continues:

> That on February 21, 1989 Plaintiff appeared at the office of the counsel for Defendant with all tax returns in the possession of the Plaintiff for examination by Defendant's counsel and has fully complied with the order of the court entered on February 16, 1989.

In the following days, both parties filed numerous other motions. On February 24, Judge Campbell took up six of plaintiff's pending motions, including the motion to disqualify him. He denied the disqualification motion. However, he granted some of plaintiff's other motions, while denying others.

Due to an 11–inch snowfall on March 6, the courthouse was closed. On March 7, Judge Campbell set all pending motions for March 14 and reset the case for trial on March 20. Also on March 7, plaintiff filed a second motion to disqualify Judge Campbell.

The only record furnished us, other than the legal file, is a transcript of the March 14 proceedings. That record reflects the disqualification motion was taken up first. Plaintiff did not offer any testimony in support of his motion. Judge Campbell denied this motion. Other motions filed by plaintiff were taken up and ruled.

Defendant then asked that her motion to strike pleadings be sustained. Following a lengthy discussion, the court sustained the motion and dismissed plaintiff's petition.

## II. Dismissal of Petition

For his first point, plaintiff alleges trial court error in striking his pleadings and dismissing his petition; because he failed to produce his tax returns. He contends he "made a good faith effort" to produce, and did produce, the returns he had in his possession. Further, he "made a good faith attempt to secure the [returns] he did not have."

As related, defendant filed her motion to produce January 5. Upon plaintiff's failure to produce the returns on January 26, defendant filed a motion to compel the next day. About ten days later, she filed an amended motion to compel. Although two motions to compel were filed, plaintiff (1) did not file any objection to the motions, (2) did not file a motion to quash, and (3) did not seek a protective order. Rules 56.01 and 61.01.

At this juncture, it should be pointed out that plaintiff, an attorney, represented himself. Thus, he was personally present at the February 16 hearing when the court ordered him to produce the returns on February 20.

Plaintiff's February 22 certification says he appeared at defendant's attorney's office on February 21 "with all tax returns." Further, the certificate said plaintiff had "fully complied with the order of the court entered on February 16, 1989."

At the March 14 hearing, defendant's attorney said that he had "received one of

the five tax returns." In response, plaintiff said the other returns were in the hands of an attorney in Colorado.

Later in the hearing, however, plaintiff said he appeared at defendant's attorney's office "with my material, which I did on a legal holiday." The following exchange then occurred:

THE COURT: Wait a minute, Mr. Jacobs. That right now is an absolute incorrect statement. You did not produce those tax returns at their office on that holiday, did you?

MR. JACOBS: I did. I was there; they were closed.

\*   \*   \*   \*   \*   \*

MR. JACOBS: May I continue for the record? I showed up on the following day, on February 23rd (sic).

THE COURT: Did you have the tax returns with you?

MR. JACOBS: Yes, I did, and I presented—

THE COURT: You are again lying to the Court.

Later in the discussion, plaintiff acknowledged that he had only the 1987 returns. Although he claimed that he had requested the other tax returns from the Colorado attorney, he did not present any testimony or affidavit to support his statement. His unsworn remarks are not evidence of the facts asserted. *State v. Randall*, 275 S.W.2d 758, 763 (Mo.App.W.D.1955). *See also Flanigan v. City of Springfield*, 360 S.W.2d 700 (Mo.Div. 2 1962). Nor did plaintiff present any evidence or affidavits to support his present claim of "good faith effort."

■ Rule 61.01(d)(2) authorizes a trial court to strike pleadings and to dismiss the action for failure to comply with an order to produce documents. Trial courts are vested with discretion as to whether to impose the sanctions applied here. *Portell v. Portell*, 643 S.W.2d 18, 20 (Mo.App.E.D. 1982); *Smithey v. Davis*, 752 S.W.2d 486, 488 (Mo.App.S.D.1988). The trial court's exercise of discretion is subject to review; however, it will not be disturbed unless exercised unjustly. *In re Marriage of*

*Dickey*, 553 S.W.2d 538, 541 (Mo.App.W.D. 1977); *Baughn v. Rapidways Truck Leasing Co.*, 698 S.W.2d 618, 620 (Mo.App.E.D. 1985).

■ We find that the trial court did not abuse its discretion or exercise it unjustly. Defendant requested the tax returns on January 5. Both parties knew the case was set for trial on February 6, yet the returns were not produced.

The case was reset for March 6. Two motions to compel were filed. On February 16, plaintiff was ordered to produce the returns on February 20. Although he did not produce the returns, on February 22, plaintiff filed a certificate in court saying he had "fully complied with the order" to produce the tax returns.

The case was again reset, this time for March 20. The March 14 hearing discloses that only the 1987 tax returns had been supplied. Also, the entire colloquy between the trial judge and plaintiff lends support to the trial court's conclusion that plaintiff was "lying to the Court" concerning the tax returns.

Plaintiff cites numerous cases for the proposition that a trial court should only strike pleadings and dismiss actions when there is a "clear record of delay or contumacious conduct by a party." *E.g., Foster v. Kohm*, 661 S.W.2d 628, 632 (Mo.App.E. D.1983). We do not disagree with that proposition. The previously described facts support the conclusion that plaintiff's conduct was contumacious.

We also recognize that a "trial judge has an obligation to see that the discovery rules are followed and to expedite litigation." *Russo v. Webb*, 674 S.W.2d 695, 698 (Mo. App.S.D.1984). Here, in spite of trial settings of February 6 and March 6, plaintiff failed to produce the tax returns. The next trial setting was March 20. Yet, less than a week before that date, plaintiff had not produced the returns. Nothing in the record discloses when plaintiff would have made the tax returns available.

The trial court did not abuse its discretion in entering its order of dismissal. Plaintiff's first point is denied.

### III.  Disqualification of Judge

For his second point, plaintiff alleges trial court error in refusing to sustain plaintiff's motions to disqualify Judge Campbell. His first motion was filed February 16, 1989, his second on March 7, and his third on May 19.

The supplemental legal file discloses that plaintiff requested a change of judge on October 19, 1988.  This request was granted.  Thus, plaintiff had exhausted his right to a change of judge under Rule 51.05.

■ The February 16 motion was filed after Judge Campbell had sustained the motion to compel production of the returns. This motion is almost five pages long.  The gist of plaintiff's complaint was that on December 16, 1988, Judge Campbell gave defendant twenty days to produce her tax returns, while he gave plaintiff only four days.  Plaintiff contended that this showed bias or prejudice.

At the time Judge Campbell gave defendant twenty days, the trial was set for February 6, 1990.  The returns were due January 5, thus plaintiff would receive them about a month before trial.  However, when Judge Campbell gave plaintiff four days, the trial was scheduled to begin in about two weeks.  This action does not reflect any bias or prejudice.

■ The second motion was filed on March 7.  This motion is eight pages long. In this motion, plaintiff contended that a temporary clerk took "hostile action as to prevent the Plaintiff from waiting in the waiting room and having access to Judge Campbell."  Further, a bailiff treated plaintiff with disrespect by refusing to permit plaintiff to use a courtroom phone, as well as requiring him to "sit only in certain rows of the pews" in the courtroom.  He also reiterated the allegations from his earlier motion.  Again, this motion does not reflect any bias or prejudice on the part of Judge Campbell.

■ The third motion was filed May 18. At that time, defendant's counterclaim was still pending.  Defendant dismissed it a week later.  Judge Campbell did not rule on any motions or any other matters in this case between May 18 and the time when the counterclaim was dismissed on May 25. No judicial purpose would be served by setting out the allegations in this nine page motion and affidavit.

In support of his position, plaintiff cites only one Missouri case, *State v. Lovelady*, 691 S.W.2d 364 (Mo.App.W.D.1985).  In *Lovelady*, the court said two related features required sustention of the motion to disqualify.  The first was "the judge's positive and emphatic pronouncements with reference" to a tendered defense.  *Id.* at 367.  The second, "which is conspicuous" in the record, was the "judge's undisguised impatience with the defense attorneys," particularly as it applied to the tendered defense.  The court concluded that the judge's statements "might reasonably be seen as coloring the judge's assessment" of the tendered defense.  *Id.* at 368.  Neither situation is present here.

Our review of the motions and the record does not disclose any indication that Judge Campbell was biased or prejudiced against plaintiff, or his cause of action.  Although Judge Campbell stated that he thought plaintiff was lying when plaintiff said he had produced his tax returns, Judge Campbell's statement appears to be correct.  We find no error in the denial of the motions to disqualify and deny this point.

### IV.  Counterclaim

For his final point, plaintiff alleges trial court error in allowing defendant to file her counterclaim and failing to dismiss it with prejudice.  He asserts, among other things, that the counterclaim is "barred by the statute of limitations, laches, res-judicata, collateral estoppel and even negligence."

■ We make only three brief observations.  First, plaintiff does not cite any case holding that the granting of leave to file a counterclaim is error.  Nor could we find any such case.  Second, a party may dismiss an action "without prejudice without order of court any time prior to the introduction of evidence at the trial."  Rule 67.01.  The provisions of Rule 67.01 are applicable to counterclaims.  Rule 67.04.

Third, affirmative defenses such as statute of limitations, laches, res judicata, and estoppel, if established, may defeat a claim; they do not, however, constitute a bar to the filing of the claim. This point is denied.

## V. Conclusion

Defendant filed three motions with this court. Two were motions to dismiss, the other sought damages for a frivolous appeal. The motions were ordered taken with the case. They are all denied.

The judgment is affirmed.

SATZ, P.J., and SMITH, J., concur.