Roy William CRANGLE,
Plaintiff–Appellant,

v.

Diane Marie CRANGLE,
Defendant–Respondent.

No. 58125.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 28, 1991.

Thea Anne Sherry, Janet Flenner Catalona, Clayton, for plaintiff-appellant.

Joan J. Corderman, St. Louis, Lisa Randie Rattner, Clayton, for defendant-respondent.

SATZ, Judge.

This is a dissolution action. The husband appeals from the trial court's decree of dissolution, alleging six points of error. We affirm.

The parties were married on March 15, 1974. They had two children, a son who was 11 years old at the time of trial and a daughter who was five. The trial court found the marriage to be irretrievably broken, awarded joint legal custody of the children to the parties, with physical custody to alternate weekly. The court ordered the husband to pay the wife $279.00 per month in child support and also ordered him to pay $5,963.40 in attorney's fees and expenses. No maintenance was awarded.

In his first point, the husband argues the trial court's judgment from which he appeals is void because the trial court had lost jurisdiction prior to the entry of that judgment. He argues the trial court issued an earlier "judgment" which became final thirty days later, at which time the trial court lost jurisdiction to alter or modify that "judgment". Some four months later the court entered a subsequent order from which the husband appeals. The husband asks us to remand the case with directions to vacate and set aside this latter order.

The husband's first point is based upon his interpretation of several documents which are either stamped "received and filed" or simply lodged in the file of the trial court with no notations. The significant documents are those which appear to reflect some act of the trial court and the date the act was made. These documents are, at best, inconsistent and contradictory.

For our purposes here, it appears there was an "order" purportedly signed by the trial judge on August 15, 1989 but simply

lodged in the court file without any indication it was formally received or filed by the Clerk of the Court and with no minute entry indicating otherwise; another "order" purportedly signed by the trial judge on December 15, 1989 but reflected as a minute entry on August 15, 1989; and a third "order" purportedly signed by the trial judge on December 28, 1989 which states that the August Order "was erroneously signed" and which attempted to rescind the August Order "nunc pro tunc," designating as the "correct order" the December 15 Order.

The husband construes the August Order to be a final judgment—a dissolution decree. He notes that no party filed a motion for a new trial in connection with that judgment. Therefore, he argues, thirty days later the court lost jurisdiction to change the August Order. Rule 75.01.[1]

We have doubts whether the August Order constitutes and is a legally effective order of the court. No mention is made of that order in an appropriate minute entry and no file stamp appears on it indicating it was either received or filed by the Clerk of the Court. All the record shows is that a document, purportedly signed by the trial judge, was lodged in the file.

◼ Moreover, there is nothing in the record to suggest the parties were given notice of the August Order. According to a letter written by the husband's present attorney to the trial court, the August Order was found in the file when a paralegal was reviewing the file on December 26. This suggests to us that notice was not given. Failure to give notice renders a judgment susceptible to being set aside for good cause shown within 6 months. Rule 74.03.

However, the wife has not chosen to attack the August Order on these bases. Instead she argues that that Order did not dispose of all issues, and, therefore, if the Order was a legally effective order, it was, at best, an interlocutory rather than final order. We agree.

◼ Under Rule 75.01, the trial court retains jurisdiction over judgments for 30 days to "vacate, reopen, correct, amend, or modify its judgment." However, where the "judgment" in question is not final, the 30 day limit does not apply. *Kozeny— Wagner, Inc. v. Shark*, 709 S.W.2d 149, 151–152 (Mo.App.1986). If the trial court's judgment does not dispose of all the issues in the case, the trial court retains jurisdiction to change the judgment. *Id.; Ray Nolting Oldsmobile Co. v. 66 Watson Develop. Co.*, 518 S.W.2d 167, 169 (Mo.App. 1974). More specifically relevant here, in a dissolution action, a trial court must, among its other actions, divide the property before it can be said the court has exhausted its jurisdiction. *See, e.g. Fields v. Fields*, 584 S.W.2d 163, 166–67 (Mo.App. 1979); *see also Bishop v. Bishop*, 658 S.W.2d 512, 514 (Mo.App.1983); § 452.330 RSMo 1989 (Supp.).

◼ The record here clearly shows the August Order did not dispose of all of the issues raised by the pleadings. The husband initiated the action by his petition. The wife filed an answer and cross petition.

In his petition, the husband raised the issues of child custody, visitation, child support, division of property and attorney's fees. In her cross-petition, the wife raised these issues along with the issue of her maintenance. Of these issues, the August Order mentions only the custody of the children and visitation rights. The December Order, however, addresses and disposes of all of these issues.

The failure of the trial court to address in the August Order all the issues raised by the pleadings precludes that Order from becoming a final order, and, thus, the trial court did not lose jurisdiction to amend it. *See, e.g. Fields v. Fields, supra.* According to the record, the December Order did become final and was a final and appealable decree of dissolution. Accordingly, we deny the husband's request to vacate and set aside the December Order.

In his Points II through VI, the husband questions the trial court's actions in adopt-

---

1. The husband's present attorney on appeal was not his attorney at trial.

ing the wife's findings of fact as its own, in awarding joint legal and physical custody, and in awarding child support and attorneys fees. We have studied the record and read the parties' briefs. As to these issues, the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and an extended opinion would have no precedential value. The judgment of the trial court is affirmed. Rule 84.16(b).

SMITH, P.J., and CARL R. GAERTNER, J., concur.