Harold F. SHER, et al.,
Plaintiffs/Respondents,

v.

Suresh CHAND, M.D.,
Defendant/Appellant.

No. 65221.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 25, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 30, 1994.

Application to Transfer Denied
Jan. 24, 1995.

Gregory G. Fenlon, Godfrey & Fenlon, St. Louis, for appellant.

Richard E. Coughlin, St. Louis, for respondents.

AHRENS, Presiding Judge.

This is an appeal by defendant, Dr. Suresh Chand, from a default judgment in favor of plaintiffs, Harold R. Sher, Trustee of the RMS Revocable Trust, Barrie R. Sher, Trustee of the Barrie R. Sher Revocable Trust, Ronald L. Sher, Trustee of the Ronald L. Sher Revocable Trust and Susan S. Csengody, d/b/a Sher Properties (plaintiffs). The trial court sustained plaintiffs' second motion for sanctions for failure to comply with discovery pursuant to Rule 61.01. The court ordered defendant's pleadings stricken and entered judgment against defendant. We affirm.

Plaintiffs filed suit against defendant in two counts and a co-defendant, Sharon Stedman, in one count, for failure to pay rent under two leases. Defendant filed a motion to dismiss for failure to state a claim and failure to include necessary and proper parties as plaintiffs. Defendant also filed a counterclaim for breach of agreement and costs of improvement.

In March, 1992, plaintiffs began discovery with requests for production of documents and admissions. Defendant filed responses which included objections and denials. In November, 1992, plaintiffs served interrogatories upon defendant and defendant objected to each of the eight interrogatories.

The deposition of defendant was scheduled for April 3, 1992, and neither defendant nor his attorney appeared. On April 3, plaintiffs filed a certificate of attempt to resolve the discovery dispute and another on April 20, 1992, in conjunction with their motions to dismiss the defendant's counterclaims, for sanctions and to strike defendant's pleadings. Defendant failed to appear at the hearing on these motions, at which time the trial court

ordered defendant's pleadings stricken and judgment entered for plaintiffs, with costs for the missed deposition against defendant. Upon reconsideration, the judge set aside the order striking defendant's pleadings and the judgment for the plaintiffs, but sustained the order as to costs for the deposition.

On October 26, 1992, plaintiffs served defendant with notice of defendant's and co-defendant's depositions to take place on November 6, 1992, at 2:00 p.m. Also on October 26, plaintiffs served a motion to substitute parties, with a notice of a hearing on pending motions scheduled for November 3. Defendant's counsel served notice he would take up his motion to dismiss at that same hearing. On November 3, the court did not take up and rule on the pending motions, including defendant's, but rather heard defendant's oral motion to certify his counterclaim to the circuit court. According to plaintiffs, defendant did not mention on November 3 that a conflict existed with the deposition set for three days later.

On November 5, plaintiffs continued co-defendant Stedman's deposition. Plaintiffs notified defendant of the continuation by fax transmission at 4:10 p.m. on November 5, stating "[defendant's] deposition is STILL SCHEDULED and *will* proceed at 2:00 p.m. tomorrow, November 6, 1992." (Emphasis in original.) Defendant then faxed plaintiffs a note stating, "Please be advised that I will not be able to attend the depositions scheduled tomorrow (November 6). I have been noticed for deposition in another case.... The notice received in [that] case was received well in advance of your notice." Plaintiffs sent another facsimile to defendant remarking that defendant had plenty of time to advise plaintiffs of a conflict, the deposition will proceed as scheduled, and if defendant fails to appear, plaintiffs will again request sanctions. Again, neither defendant nor his counsel appeared for the scheduled deposition and a protective order was not requested from the court. Defendant then failed to appear at a pre-trial hearing scheduled on January 7, 1993.

On January 27, 1993, the trial court heard plaintiffs' second motion for sanctions and to strike defendant's pleadings. Defendant filed no responsive pleadings to plaintiffs' motion. Plaintiffs' motion was sustained and judgment was entered "in favor of Plaintiffs" with costs of the action assessed against defendant, including costs for both depositions.

Defendant's first appeal in this case was dismissed by this court for lack of an appealable order as the case against co-defendant Stedman was still pending. On November 18, 1993, the trial court ordered the dismissal of co-defendant Stedman upon plaintiffs' request. On November 22, defendant filed his motion to set aside judgment and to dismiss, and the next day plaintiffs filed their motion to amend judgment. These motions, and the plaintiffs' motion to substitute parties were heard by the trial court on November 29, 1993. After taking judicial notice of the file, the court granted the motion to substitute parties and denied defendant's motion for reconsideration. Defendant appeals.

■■■ In his first point on appeal, defendant contends the trial court erred in failing to follow its own local rule (Rule 33.5) requiring certification of a good faith attempt to resolve the dispute between the parties. When plaintiffs filed their second motion for sanctions, they failed to file the required certification. However, the local rule was not offered into evidence at trial and this court will not take judicial notice of a local rule which has not been made part of the record. *Hoskins v. Hoskins*, 833 S.W.2d 20, 21 (Mo.App.1992). Point denied.

■■■ In his second point, defendant alleges the trial court abused its discretion in striking his pleadings and entering default judgment against him for failing a second time to attend his deposition. Defendant contends:

(1) the deposition had been scheduled without prior confirmation of defendant's availability at that date and time;

(2) defendant's attorney had advised plaintiffs of a scheduling conflict in depositions in another proceeding;

(3) plaintiffs' attorney had agreed to continue the deposition of co-defendant Stedman which had been scheduled to begin one hour before defendant's deposition, and a later deposition of defendant was probable; and

(4) the sanction was unduly harsh in that no court order had been violated.

██ Rule 61.01(f), in conjunction with Rule 61.01(d)(2), authorizes the trial court to strike a defendant's pleadings and render a judgment against him by default for failure to attend his own deposition. Trial courts are vested with discretion as to whether to impose sanctions. *Jacobs v. Corley*, 793 S.W.2d 512, 515 (Mo.App.1990). The trial court's exercise of discretion is subject to review, but it will not be disturbed unless exercised unjustly. *Id.*

██ We conclude that the trial court did not abuse its discretion nor exercise it unjustly. Defendant failed to appear at his first scheduled deposition and the trial court entered a default judgment against him as a Rule 61.01 sanction. After the first default judgment was set aside, plaintiffs served defendant on October 26, 1992, with notice to take defendant's deposition on November 6, 1992. Defendant's counsel had an opportunity to inform plaintiffs of a conflict at any time after receiving the notice and particularly at the hearing on November 3rd which defendant's counsel attended. On the day before the deposition, and only when plaintiffs notified defendant's counsel that the co-defendant's deposition was continued, did the defendant's counsel assert a conflict. Upon adequate notice, a party deponent must appear at the specified time and place or be subject to sanction by the court. Rule 61.01(f); *Kingsley v. Kingsley*, 716 S.W.2d 257, 260 (Mo. banc 1986). If a deponent does not want to appear, then the burden is his to request and to secure from the court a stay or continuance and excuse from attendance. *Id.* In this case, defendant did not seek such protection from the court. In addition, contrary to the contention of defendant, an order striking pleadings or entering a default judgment against a disobedient party can be made without a violation of a court order. *Sonderman v. Maret*, 694 S.W.2d 864, 866 (Mo.App.1985). Point denied.

██ In his next point on appeal, defendant argues that "[t]he trial court's actions in imposing the sanctions were void because both [plaintiffs] and [defendant] had earlier advised the court that all necessary parties were not named, and the court was thereafter bound, as a condition precedent to proceeding further in this cause, to determine whether the missing party was indispensable and essential." Defendant asserts that all necessary parties were not named as parties plaintiff because plaintiffs are partners, and all partners are necessary parties plaintiff in a suit to enforce a partnership obligation.[1]

Plaintiffs' petition contains an inconsistency as to plaintiffs. The caption of the petition reads: "HAROLD F. SHER, Trustee of RMS Revocable Trust, BARRIE SHER, Trustee of Ronald L. Sher Revocable Trust, and SUSAN S. CSENGODY, d/b/a SHER PROPERTIES, Plaintiffs." The first paragraph of the petition states in part: "Plaintiffs Harold F. Sher, as Trustee of RMS Revocable Trust, Barrie Sher, Ronald L. Sher, as Trustee of Ronald L. Sher Revocable Trust, and Susan S. Csengody, d/b/a Sher Properties." Plaintiffs asserted in their motion to substitute parties that "the information previously provided to Plaintiffs' counsel through the Office of the Secretary of State was in error as to the exact identity of the parties registered to do business as Sher Properties." Harold F. Sher, Trustee of the RMS Revocable Trust and Susan S. Csengody were properly named. Ronald L. Sher was properly named in the body of the petition, but not in the caption, as the trustee of the Ronald L. Sher Revocable Trust. Only Barrie R. Sher was misnamed: Barrie R. Sher was listed as a party, but not in his correct capacity as trustee of the Barrie R. Sher Revocable Trust.

In the present case, the trial court's correction of the parties plaintiff was ordered during the thirty day period within which the trial court retained control of the judgment pursuant to Rule 75.01.[2] Rule 75.01 states,

---

1. In his reply brief, defendant asserts a similar point relied on, contending that, "[failure] to join all partners as parties plaintiff prior to judgment makes the judgment void for lack of standing, which may be raised at any time." We address these points as one.

2. Under Rule 74.01, the default judgment of January 27, 1993, was subject to revision as the co-

in pertinent part, that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." The record reveals no objection by defendant to plaintiffs' motion for substitution. In light of defendant's motion alleging the failure to join necessary parties and defendant's failure to object to the requested substitution, defendant is precluded from charging the trial court erred in ordering the substitution. *DeLisle v. Cape Mut. Ins. Co.*, 675 S.W.2d 97, 102 (Mo.App. 1984).

However, even if preserved, defendant's claim of error fails. While the absence of a necessary party is fundamental and jurisdictional, *Vitale v. City of Kansas City*, 701 S.W.2d 213, 215 (Mo.App.1985), defendant does not allege that any necessary parties are still absent. The controversy here does not turn on the determination as to necessary or indispensable parties. Rather, the question is whether the trial court acted within its jurisdiction to correct a defect in the parties plaintiff.

Rule 52.06 states:

Misjoinder of parties is not grounds for dismissal. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Rule 52.06 cannot be read in a vacuum; it must be read with Rules 52.04 and 52.05, which establish the grounds upon which joinder is required or permitted. *State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 301 (Mo. banc 1986). Rule 52.06 provides the trial court with discretion to implement Rules 52.04 and 52.05, within the context of a particular lawsuit, "on such terms as are just." *Id.*

The rules should be construed as a harmonious whole, in such a way as to do substantial justice, and to secure the just, speedy and inexpensive determination of all cases. Rule 41.03; *Fireman's Fund Ins. Co. v. Panco Forwarding, Inc.*, 739 S.W.2d 543, 545 (Mo. banc 1987). In construing together Rules 52.06 and 75.01, we conclude the trial court did not abuse its discretion in substituting Barrie R. Sher in his fiduciary capacity as trustee of the Barrie R. Sher Revocable Trust instead of Barrie R. Sher in his individual capacity after the default judgment was entered. Barrie R. Sher in his representative capacity was either a necessary or indispensable party, and under the authority of Rule 52.06, the trial court properly joined that party while it had jurisdiction. The trial court had the discretion to add the party at any stage in the action for good cause and had the jurisdiction to do so after the default judgment was entered and during the time within which the trial court had control over the judgment. Rules 52.06, 75.01.

The rules of procedure provide that a party may amend his pleadings at any time by leave of court and that such leave should be freely given when justice so requires. *Sims v. Freeman*, 641 S.W.2d 197, 198 (Mo.App. 1982). The trial judge has broad discretion to permit amendment of the pleadings *at any stage* of the proceedings, even after verdict. (Emphasis added.) Rule 52.06; *Sims*, 641 S.W.2d at 199.

We conclude the trial court did not abuse its discretion and acted within its jurisdiction in correcting the parties plaintiff after default judgment was entered. Moreover, defendant has not been prejudiced by the correction. Plaintiffs' motion to substitute was timely made and they attempted to bring their motion before the trial court for hearing on November 3, 1992. However, defendant's counsel requested his counterclaim be certified and the judge did not take up the motion for substitution at that time. The

defendant Stedman remained in the action, and was therefore not final. For the purposes of Rules 74.01 and 75.01, the default judgment was final on November 18, 1993, when the trial court dismissed the co-defendant. The term 'judgment' in Rule 75.01 refers to a final appealable judgment which disposes of all parties and issues in a case. *Crangle v. Crangle*, 809 S.W.2d 474, 475 (Mo.App.1991). The trial court corrected the parties-plaintiff on November 29, 1993, within the thirty day period under Rule 75.01.

substitution of Barrie Sher, as trustee of the Barrie R. Sher Revocable Trust, for Barrie Sher, individually, only corrects a defect in the description of the parties, without surprise to defendant. No new issues or causes of action were interjected into the suit. *See Sims,* 641 S.W.2d at 199. At all times, defendant was aware of the subject matter and the issues raised by the cause of action and the default judgment. As a result of defendant failing for the second time to appear at his own deposition, the trial court entered a default judgment against him. Defendant should not be allowed to take advantage of a defect in the description in the parties plaintiff when there is no surprise or prejudice to him in allowing a correction of the defect.

In addition, to find the default judgment void would result in a waste of judicial resources. Common questions of law and fact existed as to the named plaintiffs and as to Barrie Sher, trustee. An earlier substitution would have in no way affected the course of the litigation. *See Mullaney v. Anderson,* 342 U.S. 415, 417, 72 S.Ct. 428, 430, 96 L.Ed. 458, 461 (1952) (addition of two parties plaintiff after the appeal had reached the United States Supreme Court). Significantly, defendant did not object to the correction of the parties plaintiff by the trial court after default judgment was entered. The approach by the dissent allows defendant to sandbag and complain of error to which defendant made no objection. Point denied.

■■■ In his reply brief, defendant argues the plaintiffs do not have standing on appeal before this court as the judgment remains in the name of the original parties who were without standing. The question of a party's standing can be raised at any time, even *sua sponte* by the Supreme Court. *State ex rel. Mathewson v. Board of Election Comm'rs of St. Louis County,* 841 S.W.2d 633, 634 (Mo. banc 1992). We conclude this argument is without merit. The judgment of the trial court states: "Judgment entered in favor of Plaintiffs and against Defendant" on both counts of plaintiffs' petition. As the trial court properly corrected the parties plaintiff, the final judgment in favor of plaintiffs was entered in favor of the corrected parties plaintiff. It was unnecessary for the trial court to amend its judgment when the judgment clearly identified the plaintiffs as the prevailing party. Similarly, the corrected parties plaintiff have standing on appeal before this court. Point denied.

■■■ Finally, defendant contends in his reply brief that plaintiffs' "brief and its supplemental legal file are improper and in violation of Rule 81.12(b) in that they insert into this appeal matters of character which are collateral and which the order and judgment appealed from did not mention as a basis for the decision of the trial court." Defendant also raises his argument for striking plaintiffs' brief in a separate motion filed in this court. Plaintiffs included in the supplemental legal file the trial records of three other cases from the same court recently handled by defendant's counsel. Only one of the cases included by plaintiffs is cited in their memorandum in support of their second motion to strike defendant's pleadings. In opposition to defendant's argument plaintiffs point to the trial court's last order which states: "The court, *having taken Judicial Notice of the file,* and being fully informed, the Motion to Substitute is granted; Motion for Reconsideration is Denied." (Emphasis added.)

■■■ Unless the record reveals the documents which plaintiffs include in their supplemental legal file were properly made part of the record, we cannot say they were before the trial court and are not now before us. *See Germania Bank v. Thomas,* 810 S.W.2d 102, 106 (Mo.App.1991); *Crabtree v. Ramada Inn,* 780 S.W.2d 109, 110 (Mo.App. 1989). Though the plaintiffs' memorandum specifically refers to the court records of one of the cases, the record of the trial court does not include the files for the three cases nor does the record reveal if the trial judge took judicial notice of these other cases. A court may judicially notice its own records and may judicially notice the records of other cases when justice so requires. *Grassmuck v. Autorama Auto Equipment & Supply Co.,* 659 S.W.2d 264, 266 (Mo.App.1983). However, courts in general do not take judicial notice of records in one proceeding in deciding another and different proceeding, as a party is entitled to have the merits of his

case reviewed upon evidence properly introduced. *In re Drew*, 637 S.W.2d 772, 777–78 (Mo.App.1982). In the present case, justice does not require judicial notice of the other cases, and we cannot ascertain if the trial court took judicial notice of them, nor is it clear if they were part of the record. Therefore, the records of those cases are not before this court and the defendant's motion to strike those materials from the plaintiffs' brief and supplemental legal file is granted.

After a careful review of the record, we do not find an abuse of discretion by the trial court in granting sanctions, nor do we find the default judgment void. Plaintiffs' motion for damages for defendant's filing a frivolous appeal is denied.

Judgment affirmed.

SIMON, J., concurs.

KAROHL, J., dissents in separate opinion.

KAROHL, Judge, dissenting.

I dissent because defendant's "defaults" in discovery occurred during a time: (1) the court was proceeding without the presence of a necessary party; and, (2) that jurisdictional defect was noticed to the court by defendant's motion to dismiss filed long BEFORE any discovery failure occurred. As a matter of law, the trial court entered sanction orders against defendant in a case where, and at a time when, it had not acquired jurisdiction.

I also dissent because the addition of a necessary-party plaintiff after defendant was sanctioned and defaulted denies defendant a guaranteed right to defend against claims and prosecute claims against the "plaintiff" who was not in the case before or when the judge sanctioned defendant. The trial court order to add a necessary party under the facts was not a matter of discretion reviewable for abuse. It was error as a matter of law.

Defendant's conduct leading to extreme sanctions, striking the answer, and granting a default was absolutely and entirely blameworthy. If the court had considered defendant's motion to dismiss, waited for the missing necessary party to join in the petition, and found defendant's discovery defaults and

unprofessional conduct occurred THEREAFTER, the sanctions and judgment by default would have been fully warranted. But that is not what happened.

The case proceeded as follows:

January 23, 1992—petition filed;

March 3, 1992—defendant's motion to dismiss;

April 20, 1992—motion for sanctions and to strike defendant's pleadings;

October 26, 1992—motion to substitute parties;

January 20, 1993—second motion for sanctions and to strike defendant's pleadings;

January 27, 1993—order for sanctions and to strike defendant's pleadings entered;

November 22, 1993—defendant's motion to set aside judgment and to dismiss; and

November 29, 1993—trial court entered order to substitute parties, added the missing plaintiff and denied the motion to set aside judgment.

The problem is the court had no jurisdiction until November 29, 1993. All partners are necessary-parties plaintiff in an action to enforce an obligation due the partnership. *Allgeier, Martin and Associates v. Ashmore*, 508 S.W.2d 524, 525 (Mo.App.1974). The absence of a necessary party is fundamental and jurisdictional. *Vitale v. City of Kansas City*, 701 S.W.2d 213, 214 (Mo.App.1985).

Defendant filed a motion to dismiss for lack of a necessary-party plaintiff within six weeks of the filing of the petition. Plaintiffs and the court were on actual notice from the motion of the defect even before any discovery efforts were begun. Thus, any concerns for preventing "sandbagging" are wholly inapplicable. The defect and the cure was always within the knowledge and discretion of plaintiffs. Only three of four partners filed suit. All that was required *before* discovery began was to add their fourth partner as a party. The missing plaintiff was a necessary party. *Allgeier, Martin and Associates*, 508 S.W.2d at 525, citing *Wittels v. Dubinsky*, 343 S.W.2d 644, 645 (Mo.App. 1961). No discovery was necessary to identify a missing necessary party; it was a known missing, not an unknown or unidentified

missing plaintiff that deprived the court of jurisdiction. No objection to addition of the missing plaintiff was required. The timely motion contesting jurisdiction preserved the issue.

The division opinion says, "An earlier substitution [adding the missing partner as a plaintiff] would have in no way affected the course of the litigation." Where sanctions were imposed against defendant before a necessary party plaintiff was "substituted," it cannot be said that sanctions would or would not have been involved if the court had acquired jurisdiction before the discovery violations occurred. Defendant did not comply with discovery requests. At the time of defendant's misconduct, the court did not have jurisdiction over the cause. The original plaintiffs were solely at fault for the absence of jurisdiction. What may have occurred after plaintiffs cured the jurisdictional defect cannot be known. What is certain, defendant did not breach any duty relating to discovery conduct at any time the court had jurisdiction over the cause of action. The analysis of trial court error must focus on the file at the time the court entered the order striking defendant's pleadings, not at the time the required missing partner was added to give the court jurisdiction to enter a valid judgment. It is fundamentally unfair to "kill" defendant's defense and counterclaim to the benefit of a partner who was not before the court, the missing plaintiff.

The appropriate remedy is to remand and begin anew with the addition of the necessary party, allow time for an answer and counterclaim, if any, and proceed with the lawsuit. The prior defaults are part of the record and available as support for severe sanctions in the event of any future improper conduct by defendant. They are to be neither excused, or forgotten. But entry of a sanction order by a court whose jurisdiction was properly contested is not sustainable, even if an appellate court would prefer to affirm.