**Ruby JOY, Respondent,**

v.

**SAFEWAY STORES, INC., d/b/a Food Barn, Appellant.**

**No. WD 40027.**

Missouri Court of Appeals, Western District.

Aug. 2, 1988.

Stephen S. Brown, Kansas City, for appellant.

Paul W. Kuhlman, Liberty, for respondent.

Before CLARK, P.J., and LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Safeway Stores, Inc., d/b/a Food Barn, hereinafter Safeway, appeals from the trial court's Order of October 29, 1987, overruling Safeway's Motion to Set Aside Interlocutory Default Judgment and to File Answer Out of Time.

On July 1, 1987, Ruby Joy, plaintiff in the underlying action and respondent herein, filed a petition against Safeway alleging damages in the amount of Two Hundred Thousand Dollars ($200,000) for injuries she claimed to have received in a slip and fall accident on October 13, 1982. Process was served on the manager of Safeway in Claycomo, Missouri; the store where Ruby Joy alleged to have been injured. Safeway failed to answer the petition. Thereafter upon application of Ruby Joy, the trial court, on October 5, 1987, entered an interlocutory default judgment against Safeway on the issue of liability. The court further set a hearing on the issue of damages for October 28, 1987, and required that notice be sent to Safeway of the interlocutory default judgment and the hearing date for

determination of damages. On October 15, 1987, Safeway filed with the trial court a Motion to Set Aside the Interlocutory Default Judgment and to File Answer Out of Time. Safeway's motion was taken up and evidence heard by the trial court on October 21, 1987, at which time the hearing on the issue of damages was continued to January 19, 1988, and the motion taken under advisement. On October 29, 1987, the trial court overruled Safeway's Motion to Set Aside the court's Interlocutory Default Judgment and to File Answer Out of Time with findings of fact and conclusions of law pursuant to Safeway's request. Safeway appeals the trial court's order denying its motion.

The only issue that must be addressed, which is dispositive herein, is whether or not the trial court's order overruling Safeway's Motion to Set Aside Interlocutory Default Judgment is subject to appeal.

 It is well established that finality of judgment is necessary for appellate jurisdiction and for a judgment to be final it must dispose of all parties and all issues. *Leve v. Delph*, 684 S.W.2d 952 (Mo.App. 1985). An interlocutory judgment is one which reserves and leaves some further question or direction for future determination and is thus not final for purposes of appeal. *State ex rel. Great American Insurance Company v. Jones*, 396 S.W.2d 601, 603 (Mo. banc 1965).

In the present case, the Default Judgment entered against Safeway was specifically designated as Interlocutory. It addressed the issue of liability only and reserved the question of damages for further hearing. In the order overruling Safeway's Motion to Set Aside the Interlocutory Default Judgment, the findings and conclusions continue to refer to the judgment as an Interlocutory Default Judgment. The difference between an interlocutory judgment and a final appealable judgment was also specifically addressed in the findings and conclusions of the court and the interlocutory nature of the judgment was retained.

Thus, the trial court's order overruling Safeway's motion makes clear that the De-

fault Judgment remains Interlocutory as all of the issues in the case have yet to be disposed of; in particular, the question of damages. Therefore, this court lacks jurisdiction in the present appeal and appellant's remaining points need not be addressed.

This appeal is hereby dismissed.