**In the Interest of N.D., N.D., and V.D., Plaintiffs.**

**JUVENILE OFFICER, Respondent,**

v.

**B.J.D., Natural Mother, Appellant.**

**No. WD 43974.**

Missouri Court of Appeals, Western District.

Dec. 17, 1991.

Elton W. Fay, Columbia, for appellant.

Jean Strandberg Goldstein, Columbia, for respondent.

Loramel Patricia Shurtleff, Columbia, guardian ad litem.

Before SHANGLER, P.J., and BERREY and HANNA, JJ.

PER CURIAM.

Appellant, B.J.D. is the natural mother of N.D., N.D. and V.D. Appellant's minor children were removed from the home of their natural parents on April 12, 1988, and placed under the supervision of the Division of Family Services (DFS) for placement in alternative care pursuant to § 211.-031, RSMo 1986.

On October 6, 1988, B.J.D. was found guilty of three counts of child abuse in relation to siblings of the minor children involved here. Appellant was sentenced to a seven year term of imprisonment. On October 28, 1988, appellant's husband, N.D. was convicted of three counts of child

abuse, two counts of rape, one count of sodomy, and one count of sexual assault. N.D. was sentenced to a 105 year term of imprisonment.

On November 14, 1989, the circuit court, juvenile division, (juvenile court) conducted a disposition hearing in accordance with § 211.181, RSMo Supp.1990. The court ordered that the children continue in the custody of DFS and granted that appellant be allowed visitation as recommended by DFS. DFS did not allow appellant visitation with the children, upon its determination that visitation was not in the children's best interest.[1] Appellant filed a Motion Requesting Visitation. After a hearing on appellant's motion, it was denied by the juvenile court. Appellant filed an appeal of the denial of her motion requesting visitation and thereafter, the juvenile office filed a petition for termination of appellant's parental rights. The Juvenile Officer has filed a Motion to Dismiss on the basis that the order appealed from is not a final order. Said Motion has been taken with the case.

The right of appeal is as provided by law. Rule 81.01. An appeal is allowed to a parent from any final order of the juvenile court that adversely affects the parent. Section 211.261, RSMo 1986. An order is final and appealable if it disposes of all issues in the case and leaves nothing for future determination, unless a trial court has designated the order as final for purposes of appeal and made an express determination that there is no just reason for delay. *Bay's Texaco Service and Supply Company, Inc. v. Mayfield*, 792 S.W.2d 50, 51 (Mo.App.1990). An interlocutory order decides some point or matter which is not a final decision of the whole controversy. *Adams v. Adams*, 294 S.W.2d 18, 20 (Mo.1956).

In light of the fact that the record reflects pending termination of parental rights proceedings against appellant in regard to N.D., N.D. and V.D., the juvenile court's order denying appellant visitation does not dispose of all issues in this cause.

The denial of visitation is subject to review within the termination of parental rights proceeding by the juvenile court and on appeal if necessary.

Finality of judgments is a jurisdictional prerequisite. *Bay's Texaco Service*, 792 S.W.2d at 51.

This appeal is dismissed.

---

1. The record reflects that appellant blamed the children who were the victims of the criminal acts of appellant and her husband for their incarceration.