**In the Interest of K.S., a minor.**

**P.J.S. and B.S., Appellants.**

**No. 18222.**

Missouri Court of Appeals,
Southern District,
Division One.

July 6, 1993.

P.J.S. and B.S., pro se.

Lisa A. Ghan, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, for respondent Juvenile Officer.

PER CURIAM.

P.J.S. and B.S. are parents of a child, K.S., who was three years old at the time the juvenile officer of the Circuit Court of Greene County, Missouri, filed the petition that produced this appeal. The juvenile division of the circuit court (the trial court) entered an order finding that the child was "in need of the care, protection and services of the Court." It then, "on [the] Court's own motion," continued the "[d]ispositional hearing." P.J.S. and B.S. attempt to appeal from that order. For the reasons that follow, the appeal must be dismissed.

The attorney for the juvenile officer filed a motion to dismiss this appeal contending that "there is not yet a final judgment from which to appeal." In considering that motion, the following procedural history is gleaned from the record on appeal:

| Date | Disposition |
|---|---|
| November 18, 1991 | Petition filed alleging that juvenile court had jurisdiction by reason of § 211.031.-1(1)(a)[1] because K.S. was neglected. |
| | Trial court ordered K.S. placed in temporary custody of Division of Family Services (D.F.S.). |
| November 19, 1991 | Hearing on petition scheduled for December 11, 1991. |
| November 21, 1991 | K.S. returned to physical custody of her parents subject to continuing supervision by D.F.S. |
| December 11, 1991 | Case continued at juvenile officer's request. |
| December 24, 1991 | Case continued to January 30, 1992. |
| January 24, 1992 | Case continued to March 12, 1992. |
| March 11, 1992 | Case continued to May 5, 1992. |
| April 28, 1992 | Case continued to May 26, 1992. |
| May 26, 1992 | Evidentiary hearing was begun but continued prior to its completion because of illness of B.S., mother of K.S. |
| June 16, 1992 | Evidentiary hearing resumed. The trial court found that K.S. was subject to juvenile court jurisdiction pursuant to § 211.031.1(1). Dispositional hearing continued. |
| June 19, 1992 | Notice of appeal filed. |

**1.** References to statutes are to RSMo Supp.1991 unless otherwise stated.

**2.** In this case, the trial court did not make a determination that there was no reason for de-

"Appellate review of juvenile proceedings is in the nature of appellate review of court-tried civil cases." *In Interest of L.W.,* 830 S.W.2d 885, 886 (Mo.App.1992). The judgment appealed is "any final judgment, order or decree made under the provisions of [chapter 211]." § 211.261, RSMo 1986. *See* Rule 120.01.

An order is final and appealable if it disposes of all issues in the case and leaves nothing for future determination, unless a trial court has designated the order as final for purposes of appeal and made an express determination that there is no just reason for delay.[2]

*In Interest of N.D.,* 819 S.W.2d 790, 791 (Mo.App.1991).

Rule 119.06(a) prescribes what is to be included in the judgment rendered in a juvenile proceeding. It states, "The judgment shall include the disposition or treatment of the juvenile." Section 211.181.1 provides for various dispositions that a juvenile court may make after it has determined that a child is subject to juvenile court jurisdiction, i.e., that the child comes within the applicable provisions of § 211.-031.1(1).

The foregoing is consistent with the procedure outlined by Rule 119.02. In a juvenile court hearing, the court, in the adjudicatory phase, determines if the evidence presented establishes that the child comes under juvenile court jurisdiction. If so, the court proceeds with the dispositional phase. The court receives evidence regarding "disposition or treatment that should be ordered for the juvenile." Rule 119.02(a)(9). "[T]he court shall enter a judgment directing the action that shall be taken regarding the juvenile." Rule 119.02(a)(10).

In this case, the dispositional phase of the hearing was not completed at the time P.J.S. and B.S. appealed. As such, it is

lay. This court need not, and does not, address whether Rule 74.01(b) would apply in these circumstances.

similar to *In re Interest of T___ G___,* 455 S.W.2d 3 (Mo.App.1970). There, after an adjudicatory hearing regarding allegations in the petition filed in juvenile court, the trial court announced its finding that the allegations were supported by the evidence. It then continued the hearing "without making any ruling as to disposition" to permit the juvenile officer to make a social investigation. *Id.* at 6. *See* Rules 119.-02(a) and 119.05.

After a social investigation was completed, a "hearing on the dispositional phase" was held. *Id.* The trial court entered two orders. One was entered on the date of the adjudicatory hearing, January 24, 1968, and one on March 25, 1968, after the disposition hearing. The March 25 order referred to the prior order that "found the child to be under the provisions of Section 211.031 [RSMo 1959]." *Id.* The March 25 order committed the child to the custody of a state agency. *Id.* at 7. One of the issues on appeal was whether separate appeals would lie from the adjudicatory determination and the dispositional determination, or whether there was no judgment from which an appeal could be taken until after a disposition was made. The court concluded:

> We hold, therefore, that until judgment is rendered in which some disposition is made of the child under Section 211.181 [RSMo 1959 [3]], there is no final appealable judgment.

*Id.* at 8.[4]

This court agrees with the holding in *In re Interest of T___ G___, supra.* Here there was no disposition; hence, no judgment from which an appeal will lie. This court must dismiss the appeal in order that the trial court may, if it has not already

done so, complete the necessary hearing for purposes of determining a disposition and entering judgment. The motion to dismiss the appeal is granted.

All concur.

---

3. The procedural requirements of § 211.181, RSMo 1959, are consistent with RSMo Supp. 1991.

4. In *In re Interest of T___ G___, supra,* the court pointed out that prior to enactment of Missouri's present juvenile code, chapter 211, in 1957, the law regarding what was a final determination for purposes of appeal was different. As set forth in *In Re Juvenile Delinquency Appeal,* 289 S.W.2d 436, 437 (Mo.App.1956), under prior law "[t]he two proceedings, i.e. the determination of the status of the child and the determination of the question of commitment, [were] separate and distinct, each terminating in a final judgment or order from which an appeal [would] lie."