v.

**George L. JODOIN, Defendant,**

**American States Insurance, Garnishee–Appellant.**

No. WD 45468.

Missouri Court of Appeals, Western District.

Sept. 21, 1993.

Gordon N. Myerson, James P. Barton, Jr., Myerson, Monsees & Morrow, Kansas City, for appellant.

Phillip S. Smith, Accurso, Stein, McCaskill & Smith, Kansas City, Andrew J. Gelbach, Warrensburg, for respondents.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

ULRICH, Presiding Judge.

American States Insurance Company (American States) appealed from the October

28, 1991, order of the Circuit Court of Johnson County to pay into the court the proceeds of a garnishment in aid of execution of a judgment in favor of S.A., a minor, and her parents ("Respondents"). The underlying civil judgment emanated from George L. Jodoin's unlawful sexual contact with S.A., a four-year-old female. This court's opinion of December 8, 1992, affirmed the trial court's judgment ordering American States to pay into court the proceeds of a $100,000 homeowner's insurance policy issued by American States insuring George Jodoin, thereby applying the proceeds of the policy to respondents' judgment.

American States timely filed its motion for rehearing, or in the alternative, motion for rehearing en banc, or in the alternative, application for transfer to the Missouri Supreme Court pursuant to Rule 83.02 and 84.17. American States' motion for rehearing contended that, contrary to court's statement in its opinion, American States had submitted on appeal a transcript of the hearing conducted by the trial court on October 28, 1991, wherein the trial court called for hearing the denial of American States that its insurance policy was subject to garnishment for the judgment against George Jodoin in favor of respondents. American States' motion for rehearing is granted without reargument, and additional briefing is not required. The December 8, 1992, opinion of this court is withdrawn, and this opinion is entered.

American States claims on appeal that the trial court erred in finding American States' homeowner's insurance policy with George Jodoin applied to Respondents' judgment, averring such finding (1) disregarded the clear and unambiguous language of the policy and (2) violates the clear public policy of Missouri. American States also claims that (3) it was denied due process by not receiving notice of the hearing at which the trial court considered the issue of coverage.

Respondents move to dismiss the appeal claiming that it is taken from an interlocutory order and not a final judgment. The motion to dismiss is granted, and the case is remanded with directions.

Between the dates of May 1, 1988, and August 30, 1988, George Jodoin had deviate sexual intercourse on several occasions with four-year-old S.A. Mr. Jodoin was charged with violating section 566.060, RSMo 1986, (deviate sexual intercourse), a felony, and on January 29, 1990, he pleaded guilty to the charge.

On February 15, 1990, Respondents, S.A., by next friend, and her parents, filed a five-count petition against George Jodoin for negligent and intentional infliction of emotional distress and assault and battery. On April 25, 1990, Respondents requested leave to file an amended petition which abandoned allegations of intentional tort and alleged in Count I that Mr. Jodoin negligently and carelessly touched, kissed, licked, and sodomized S.A., thereby causing bodily harm and injury and emotional distress to her, and in Count II that Mr. Jodoin negligently and carelessly caused emotional distress and bodily harm and injury to S.A.'s parents.

When Mr. Jodoin committed his criminal acts, a homeowner's insurance policy, issued to Mr. Jodoin by American States, was in force. The insurance policy provided personal liability insurance of $100,000.00 for any claim or suit brought against the insured for damages because of personal injury. The policy contained an exclusion denying coverage for bodily injury "which is expected or intended by the insured" but stated that the exclusion did not apply to "an act committed by or at the direction of the insured not intended to cause serious bodily injury." American States agreed in the policy to defend any claim or suit brought against the insured for personal injury damages covered by the policy "even if the suit is groundless, false, or fraudulent."

Mr. Jodoin notified American States of the Respondents' suit against him. On May 3, 1990, Mr. Jodoin's personal attorney tendered the amended suit to American States for defense pursuant to its homeowner's policy insuring Mr. Jodoin.

American States acted to determine whether the insurance policy compelled the company to indemnify any judgment which might result from the suit against Mr. Jodoin. On June 8, 1990, American States

instituted a declaratory judgment action to determine whether the insurance policy provided coverage for Mr. Jodoin's acts which prompted suit and whether American States had a duty to defend Mr. Jodoin. On June 13, 1990, American States filed a motion to intervene in the Respondents' personal injury suit against Mr. Jodoin to stay those proceedings pending the declaratory judgment action. The trial court allowed American States to intervene for the limited purpose to seek a stay. On June 29, 1990, American States filed its application to stay the proceedings, which the trial court denied. American States did not appeal the denial.

American States offered to defend only the negligence count of the original petition, which alleged intentional tort and negligence under a reservation of rights. Mr. Jodoin refused to accept American States' defense unless American States withdrew its reservation and defended him on all alleged counts without limitation. Accordingly, on July 25, 1990, at Mr. Jodoin's request, American States formally withdrew its representation of Mr. Jodoin on the negligence counts.

On November 14, 1990, Counts III through V of Respondents' amended suit (those counts pleading intentional torts) were voluntarily dismissed without prejudice, leaving only the negligence counts. On November 28, 1990, Respondents' two-count petition was tried to the court. Mr. Jodoin appeared by his personal counsel. After hearing the evidence, the trial court entered judgment in favor of S.A. in the amount of $500,000.00 and in favor of her parents in the amount of $150,000.00. Mr. Jodoin neither filed post-trial motions, nor did he appeal the judgment.

On July 8, 1991, American States voluntarily dismissed its declaratory judgment case that had been scheduled for trial July 10, 1991. The trial court in the declaratory judgment case entered its order September 9, 1991, dismissing the case. The trial court stated in the record, "The court finds the conduct of the plaintiff American States Insurance Company in dismissing this case and refiling in the Federal Court after over a year of extensive litigation and discovery to be unconscionable and a misuse of the judicial process."[1]

On September 24, 1991, Respondents requested an "Execution/Garnishment" directed to American States to partially collect their November 24, 1991, judgment against Mr. Jodoin and simultaneously served interrogatories on American States. American States subsequently served its answers upon Respondents. In its answers, American States admitted the existence of Mr. Jodoin's homeowner's liability coverage of $100,000.00 but denied the coverage applied to Respondents' final judgment against Mr. Jodoin, stating American States' policy "provides no coverage for Jodoin's sexual molestation of a child."

Respondents filed and served "Exceptions" to American States' interrogatory answers on October 8, 1991. Respondents, on the same day, filed "Notice" to call the matter for hearing on October 28, 1991. Respondents contend they mailed to American States the "Notice" in the same envelope with the "Exceptions." American States does not deny receiving the "Exceptions" but claims it never received the "Notice." American States admits it did not file a "Response" to Respondents' "Exceptions" as provided for in Rule 90.13(d).

On October 28, 1991, the trial court called the case concerning Respondents' "Exceptions." American States did not appear. The trial court, at the hearing, found that the American States' insurance policy applies to Respondents' judgment. The court further ordered American States to pay the policy proceeds of $100,000.00 in partial satisfaction of Respondents' judgment against Mr. Jodoin, plus interest at the rate of nine percent from the date of the judgment until paid, plus all court costs. Pursuant to Rule 90.17, the court gave American States until November 8, 1991, to pay the insurance money into the court.

---

1. The record does not disclose whether another declaratory judgment action is pending in any court.

American States filed a "Motion to Quash Garnishment" and a "Motion for Rehearing" on November 6, 1991. On November 8, 1991, American States filed a "Motion For Leave to File Response to Exceptions Out of Time," "Supplemental Suggestions in Support of Motion to Quash," a "Motion to Reconsider and Motion for Rehearing," a "Motion for Approval of Supersedeas Bond," and a "Notice of Appeal." American States did not pay the insurance money into the court.

On November 13, 1991, the trial court entered an order approving the supersedeas bond filed by American States. The trial court found that American States had "abandoned" all other pending motions as a result of filing its "Notice of Appeal."

RESPONDENTS' MOTION TO DISMISS

American States has appealed the pay-in order of October 28, 1991. Respondents contend the appeal should be dismissed on the ground that the order appealed from is an interlocutory order, not a final appealable judgment. American States argues that the pay-in order is final and appealable.

■■■ Appellate courts lack jurisdiction whenever the judgment appealed is not final. *Taylor v. F.W. Woolworth Co.,* 641 S.W.2d 108, 110 (Mo. banc. 1982); *In the Interest of N.D. v. B.J.D.,* 819 S.W.2d 790, 791 (Mo.App. 1991). An order is final and appealable if it disposes of all the issues in the case and leaves nothing for future determination. *In the Interest of N.D., supra* at 791.

Respondents cite *Hill, Lehnen & Driskill v. Barter Systems, Inc.,* 707 S.W.2d 484 (Mo. App.1986), in support of their motion to dismiss. This court in *Barter Systems* stated that pay-in orders are interlocutory and that the final judgment in a garnishment case is the order directing the court clerk to pay out the garnished funds. *Id.* at 486. However, Rule 90.17 was amended after *Barter Systems* was decided. The former version of Rule 90.17 read:

The court or jury shall find what property subject to garnishment was attached or the value thereof. The court shall order that such property be delivered to the officer or paid into court within such time as the court shall direct. If such property is not delivered within such time, the court shall enter judgment against the garnishee for the value of the property.

Effective January 1, 1988, Rule 90.17 was amended to read:

The court or jury shall find what property subject to garnishment was attached or the value thereof. The court shall order that the property be delivered to the officer or paid into court within such time as the court shall direct. *Upon payment of the property into court the clerk shall disburse it, less costs, to the garnishor within fifteen days after receipt without further order of the court, unless a motion to quash the execution or garnishment has been filed.* If the property is not delivered to the officer or paid into court within such time, the court may enter judgment against the garnishee for the value of the property.

(Emphasis added).

■■■ "Pay out" orders are no longer required to disburse funds paid into court as ordered by trial courts under the previous Rule 90.17. Amended Rule 90.17 provides for the automatic disbursement of garnishment proceeds fifteen days from the date the proceeds are received by the court. However, even though Rule 90.17 as amended no longer provides for "pay out" orders by the court to disburse the paid-in proceeds, the garnishment proceeding is not concluded if the property is not paid into court or "delivered to the officer" pursuant to the court's order. Rule 90.17 provides that if the property subject to the garnishment proceeding is not paid by the garnishee as directed by the court, additional action is required by the court to conclude the matter. The rule provides that when the garnishee does not comply with the "pay-in" order of the court, the court "may enter judgment against the garnishee for the value of the property." Thus, when the garnishee does not comply with the court's "pay-in" order, Rule 90.17 as amended does not dispose of all of the issues which confront the trial court.

Orders or judgments which leave some further question or direction for future determination are interlocutory and not final and

appealable. *Joy v. Safeway Stores, Inc.*, 755 S.W.2d 13, 14 (Mo.App.1988). Rule 90.17 as amended does not convert interlocutory pay-in orders into final judgments where the property is not paid as directed by the court. Such orders remain interlocutory orders under revised Rule 90.17. Therefore, Rule 90.17 "pay-in" orders which do not result in compliance remain unappealable.

Because the "pay in" order appealed from was an interlocutory order and not final, this court is without jurisdiction to consider the issues raised by appellant. Because the notice of appeal was prematurely filed and invalid, the trial court did not lose jurisdiction to hear and consider American States' postorder motions. Therefore, the trial court should not have dismissed American States' postorder motions. The appeal is dismissed, and the case is remanded to the trial court to reinstate the postorder motions of American States, filed November 6 and 8, 1991, except for the Motion for Approval of Supersedeas Bond, which was resolved by the trial court.

FENNER, J., and SHANGLER, Special Judge, concur.