Phillip M. WILLIAMS, Respondent,

v.

Jennifer A. WILLIAMS, Appellant.

No. SC 83203.

Supreme Court of Missouri.
En Banc.

April 10, 2001.

Roberts G. Neds, Kansas City, for appellant.

Frank S. Stewart, Kansas City, for respondent.

PER CURIAM.

Phillip Williams filed a petition seeking the dissolution of his marriage to Jennifer Williams. She filed a cross-petition. Each party included a request that the trial court determine child support for their only child.

The trial court entered a "Judgment Decree" on October 6, 1999. This "judgment" failed to include any order of child support. Without notice to the parties or

an opportunity to be heard, the trial court entered an "Amended Judgment Decree" on October 29, 1999. The "amended judgment" included all of the material in the October 6, 1999, "judgment" and added two paragraphs concerning child support.

On November 15, 1999, Jennifer Williams filed a notice of appeal to the Court of Appeals, Western District. She raised various points on appeal, including a claim that entry of the "amended judgment" violated Rule 75.01. The court of appeals ordered the case transferred to this Court, *Rule 83.02*, due to its conclusion of a conflict in the appellate opinions concerning the effect of a violation of Rule 75.01. *Mo. Const. art. V, sec. 10.* Finding that Rule 75.01 is not applicable to the facts of this case, the cause is ordered retransferred to the Court of Appeals, Western District.

 The trial judge sent a September 3, 1999, letter to counsel instructing Phillip Williams' lawyer to draw a judgment in accordance with the letter's direction. The letter specifically makes reference to child support. The October 6 "judgment" failed to include this material. Since both parties had requested a disposition of child support, the October 6, 1999, "judgment" fails to dispose of all issues between the parties and is not a final judgment. *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995). Where the "judgment" in question is not final, Rule 75.01 does not apply, *Bell v. Garcia,* 639 S.W.2d 185, 188–89 (Mo. App.1982), and the trial court retains jurisdiction to enter a final judgment, *Crangle v. Crangle,* 809 S.W.2d 474, 475 (Mo.App. 1991).

The October 29, 1999, "amended judgment" is the final judgment in this case. It became final for purposes of appeal 30 days later. *Rule 81.05.* A timely notice of appeal was required to be filed within ten days thereafter. *Rule 81.04(a).*

The notice of appeal in this case was filed November 15, 1999. Although it was filed prematurely, it is considered filed immediately after the time the judgment became final for purposes of appeal. *Rule 81.05(b).*

The case is ordered retransferred to the Court of Appeals, Western District.

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN, WOLFF and BENTON, JJ., concur.

LAURA DENVIR STITH, J., not participating.