

# Missouri Court of Appeals
## Southern District

### In Division

IN RE THE MARRIAGE OF:                    )
                                          )
ALEXANDER SCHIELE,                        )
                                          )
      Petitioner-Appellant,        )
                                          )
v.                                        )    No. SD37725
                                          )    Filed: **June 26, 2023**
CORINNE DURNAL,                           )
                                          )
      Respondent-Respondent.       )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Jerry L. Holcomb

**<u>AFFIRMED</u>**

Alexander Schiele ("Father") appeals the June 1, 2022 amended judgment (the "amended judgment") of the trial court. In a single point on appeal, Father argues the trial court erred as a matter of law in entering the amended judgment as a nunc pro tunc judgment "because Rule 74.06(a) only allows a judgment to be amended nunc pro tunc to correct clerical errors and amending the judgment to add a provision ordering Father to pay child support . . . changed the judgment not just the record."[1] Because the prior September 27, 2021 judgment (the "September 2021 judgment") did not address all issues raised by the parties and specifically did not include a

---

[1] All statutory references are to RSMo 2016. All rule references are to Missouri Court Rules (2022).

dollar amount for the child support award, the September 2021 judgment was merely an interlocutory order, not a final judgment. The trial court retained jurisdiction to enter a final judgment, which it did by the amended judgment. We affirm the amended judgment.

## Factual Background and Procedural History

A court in Bexar County, Texas entered a Final Decree of Divorce in November 2017 dissolving the marriage of Father and Mother (the "Texas judgment"). As to child support, the Texas judgment provides: "The parties agree neither party shall pay the other party child support." In January 2019, Mother moved the Missouri trial court to register the Texas judgment as a foreign judgment, and then moved to modify the Texas judgment and sought an award of child support from Father. The trial court held a hearing on the motion to modify on February 24, 2021 and September 13, 2021. The trial court made a docket entry on September 13, 2021, which is not denominated a judgment, but provides as follows as to child support:

> The presumed amount of support for [F]ather to pay [M]other is $615.00 per month. [Father] is ordered to pay [Mother] child support of $500.00 per month retroactive to June 1, 2021, after [Mother] resumed custody of the child from her parents, to continue on the 1st of each month thereafter until futher [sic] order of court or the child is no longer eligible for support under Missouri law. This is a downward deviation from Rule 88 and Form 14 guidelines and calculations after the Court has considered all relevant factors under Section 452.340.1 RSMo and that [F]ather is responsible for transportation expenses.

The trial court then entered the September 2021 judgment. The September 2021 judgment provides: "Child Support shall be paid by [Father] in accordance with Rule 88.01 Form 14 guidelines (Section 452.310.8(3)(a) RSMo)[.]" No dollar amount of child support is specified.

On June 1, 2022, Mother filed an Application for Nunc Pro Tunc Order requesting the trial court enter an amended judgment providing Father is to pay Mother $500 per month in child

2

support, retroactive to June 1, 2021. On the same date, the trial court entered the amended judgment providing:

> The presumed amount of support for [F]ather to pay [M]other is $615.00 per month. [Father] is ordered to pay [Mother] child support of $500.00 per month retroactive to June 1, 2021, after [Mother] resumed custody of the child from her parents, to continue on the 1st of each month thereafter until further order of court or the child is no longer eligible for support under Missouri law.

The amended judgment does not mention nunc pro tunc. The record has an email from the trial court to counsel indicating the trial court entered the amended judgment nunc pro tunc without notice and hearing to correct "the omission" in the September 2021 judgment, which the trial court indicated "was clearly apparent, and which left out what my docket entry said[.]" Father moved to vacate, reopen, correct, amend, or modify the amended judgment, which the trial court denied after a hearing. Father timely appealed the amended judgment.

## Standard of Review

In reviewing a court-tried case, "this Court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Smith v. St. Louis Cnty. Police*, 659 S.W.3d 895, 898 (Mo. banc 2023) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

## Analysis

The parties assume the September 2021 judgment was a final judgment. We disagree. A judgment which "fails to dispose of all issues between the parties" is not a final judgment. *Williams v. Williams*, 41 S.W.3d 877, 878 (Mo. banc 2001). In *Williams*, the Supreme Court of Missouri considered whether the trial court violated Rule 75.01 when more than 30 days after entry of its judgment, and without notice to the parties or an opportunity to be heard, it entered an amended judgment addressing the parties' request for a child support determination where the

3

first judgment was silent as to child support.[2] *Id.* at 877-78. The ***Williams*** court concluded the amended judgment resolved all outstanding issues between the parties and was the final judgment for appellate purposes 30 days after entry under Rule 75.01 because only the amended judgment addressed the parties' request for a child support determination. *Id.* at 878. "Where the 'judgment' in question is not final, Rule 75.01 does not apply, and the trial court retains jurisdiction to enter a final judgment." *Id.* (citing ***Bell v. Garcia***, 639 S.W.2d 185, 188-89 (Mo.App. 1982); ***Crangle v. Crangle***, 809 S.W.2d 474, 475 (Mo.App. 1991)). Here, as in ***Williams***, the trial court did not dispose of all issues between the parties and specifically did not dispose of Mother's request for a child support determination when it entered the September 2021 judgment ordering Father to pay child support without specifying a dollar amount of child support.[3] Thus, the September 2021 judgment was not a final judgment and the trial court retained jurisdiction to enter a final judgment at any time. This is true even though the trial court

---

[2] Rule 75.01 provides in relevant part: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

[3] Both Sections 452.340.1 and 452.340.8 and Rule 88.01 require the trial court to determine the dollar amount of any child support awarded. *See generally* ***Koch v. Koch***, 584 S.W.3d 347, 353-54 (Mo.App. 2019) (discussing requirements of Rule 88.01); ***Woolridge v. Woolridge***, 915 S.W.2d 372, 379-83 (Mo.App. 1996) (discussing the requirements of Section 452.340 and Rule 88.01). Although the trial court did make such a determination in its docket entry of September 13, 2021, the docket entry is not denominated "judgment" or "decree" and therefore cannot qualify as a "judgment" under Rule 74.01(a). *See also* ***Am. W. Boarding Co. v. United Surety Agents, Inc.***, 134 S.W.3d 700, 704 (Mo.App. 2004) (finding trial court's "judgment" awarding the value of a bank account as damages but failing to specify a dollar amount was merely an interlocutory order and the trial court retained jurisdiction to enter a later final judgment stating the specific sum awarded as damages); ***Payne v. Payne***, 695 S.W.2d 494, 497 (Mo.App. 1985) ("There is venerable but sound authority for the proposition that a money judgment left blank as to amount, even though it determines some rights of the parties, is not a judgment, and is interlocutory and not final."). We are mindful that the Supreme Court of Missouri "has relaxed the requirement of definiteness and certainty" for dissolution decrees and child support orders and has held such orders enforceable where the "court may upon motion determine the exact amount due in accordance with the agreement of the parties." ***Krane v. Krane***, 912 S.W.2d 473, 475 (Mo. banc 1995); *see, e.g.*, ***Toomey v. Toomey***, 636 S.W.2d 313, 315 (Mo. banc 1982) (finding enforceable an order "to pay all tuition and housing costs, 'said sum to total no less than $665 per month'"). Here, there was no agreement of the parties, and this case, like ***Williams***, involves a complete absence in a purported judgment of the dollar amount of a child support award or other language from which a dollar amount could be calculated upon later motion.

entered the amended judgment more than 30 days after the September 2021 judgment because Rule 75.01 applies only to final judgments.

Although the amended judgment does not mention nunc pro tunc, even assuming the trial court intended to amend the September 2021 judgment by nunc pro tunc, nunc pro tunc does not apply here because nunc pro tunc "allow[s] a court that has lost jurisdiction over a case to maintain jurisdiction . . . to correct clerical mistakes." *McGuire v. Kenoma*, 447 S.W.3d 659, 663 (Mo. banc 2014). As set out here, the September 2021 judgment was not a final judgment and the trial court retained jurisdiction to enter a final judgment, which it entered by the amended judgment in June 2022. Point denied.

## Conclusion

The amended judgment is affirmed.

GINGER K. GOOCH, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C. J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS